UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ALBERT BAGGETT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY OF FRESNO, et al.,<br><br>　　　　Defendants. | No. 1:24-cv-01013 GSA (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>ORDER RECOMMENDING MATTER BE DISMISSED FOR FAILURE TO OBEY A COURT ORDER<br><br>(ECF No. 7)<br><br>PLAINTIFF'S OBJECTIONS DUE IN FOURTEEN DAYS |

　　　Plaintiff, an individual who appears to be a former civil detainee, is proceeding pro se and in forma pauperis in this matter. He has filed it seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　For the reasons stated below, the undersigned will recommend that this matter be dismissed for failure to obey a court order. Plaintiff will have fourteen days from the date of this order to file objections to it.

　　　I.　　RELEVANT FACTS

　　　On August 14, 2024, Plaintiff's complaint and his motion to proceed in forma pauperis were docketed in Sacramento, and new case documents along with a consent form were sent to

1    him.  ECF Nos. 1, 2, 3 (complaint; in forma pauperis application; new case / consent documents,
2    respectively).  On August 26, 2024, the prisoner new case documents that had been sent to
3    Plaintiff were returned to the Court marked "Undeliverable, Not at Facility."  The next day, the
4    matter was transferred to this division and Plaintiff was served with a second set of new prisoner
5    new case documents.  See ECF Nos. 4, 5 (intradistrict transfer order; new case documents;
6    respectively).

7    On September 5, 2025, the transfer order and the second set of prisoner new case
8    documents were also returned to the Court marked, "undeliverable, unable to forward."  On
9    September 30, 2024, the Court granted Plaintiff's application to proceed in forma pauperis.  ECF
10   No. 6.  That order, however, was never returned to the Court.  As a result, on November 6, 2024,
11   out of an abundance of caution, the Court ordered Plaintiff to file a notice of current address with
12   the Court.  See ECF No. 7.  He was given fourteen days to do so.  See id.  That order was
13   likewise never returned to the Court.

14   More than fourteen days have passed and Plaintiff has not filed a notice of change of
15   address with the Court.  See Local Rule 183(b).  Nor has he filed a request for an extension of
16   time to do so.  He has not responded to the Court's orders in any way.

17   II.   APPLICABLE LAW
18   A.   Federal Rule of Civil Procedure 41(b) and Local Rules 110, 182(f) and 183(b)
19   Federal Rule of Civil Procedure 41 permits this Court to dismiss a matter if a plaintiff fails
20   to prosecute or he fails to comply with a court order.  See Fed. R. Civ. P. 41(b).  Local Rule 110
21   also permits the imposition of sanctions when a party fails to comply with a court order.  L.R.
22   110.

23   III.  DISCUSSION
24   B.   Malone Factors
25   The Ninth Circuit has clearly identified the factors to consider when dismissing a case for
26   failure to comply with a court order.  It writes:

27
28   A district court must weigh five factors in determining whether to dismiss a case

> for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829 (9th Cir. 1986) (per curiam)).

III. DISCUSSION

A. Rule 41(b) and Local Rule 110 Support Dismissal of This Case

It is a plaintiff's responsibility to keep a court apprised of his current address at all times. Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective. The fact that Plaintiff failed to file a notice of change of address with the Court – either on his own or as ordered – warrants the dismissal of this matter, in accord with Rule 41(b) and Local Rules 110 and 183(b).

B. Application of Malone Factors Supports the Dismissal of This Case

1. Expeditious Resolution of Litigation; Court's Need to Manage Its Docket

Plaintiff has been given more than ample time to file a notice of change of address as well as to respond to the Court's order that specifically directed him to file one. Yet, he has failed to do either, nor has he contacted the Court to provide an exceptional reason for not having done so.

The Eastern District Court has an unusually large caseload.[1]  "[T]he goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of frivolous and repetitious requests." Whitaker v. Superior Court of San Francisco, 514 U.S. 208, 210 (1994) (brackets added) (citation omitted). Thus, it follows that keeping this case on the Court's docket when Plaintiff has not attempted to file a notice of current

---

[1] The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation. See Office of the Clerk, United States District Court, Eastern District of California, 2024 Annual Report, "Weighted Filings," p. 35 (2024) ("[O]ur weighted caseload far exceeds the national average . . . ranking us fourth in the nation and first in the Ninth Circuit."). This problem is compounded by a shortage of jurists to review its pending matters. See generally id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent judgeships for Eastern District of California).

3

address with the Court, even after having been given an opportunity to do so, is not a good use of the Court's already taxed resources.  Indeed, keeping this matter on the Court's docket would stall a quicker disposition of this case.  Additionally, in fairness to the many other litigants who currently have cases before the Court, no additional time should be spent on this matter.

### 2. Risk of Prejudice to Defendants

Furthermore, because viable Defendants have yet to be identified and served in this case, they have not put time and effort into defending against it.  As a result, there will be no prejudice to them if the matter is dismissed.  On the contrary, dismissal will benefit any potentially viable Defendants because they will not have to defend themselves against Plaintiff's complaint.

### 3. Availability of Less Drastic Sanctions; Favored Disposition of Cases on Merits

Finally, given that this case has sat on the Court's docket for approximately four months since the Court issued an order directing Plaintiff to file a notice of current address with the Court issued. Although the disposition of cases on their merits is preferred, this matter cannot be prosecuted without a current address for Plaintiff, nor can it be disposed of on its merits.

## IV. CONCLUSION

For these reasons, consistent with Federal Rule of Civil Procedure 41(b) and Local Rule 110, and having considered the Malone factors, the undersigned recommends that this matter be dismissed without prejudice for failure to obey a court order.  Plaintiff will be given fourteen days to file objections to this order.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this matter.

IT IS FURTHER RECOMMENDED that this matter be DISMISSED without prejudice for failure to obey a court order.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

4

and Recommendations," and it shall not exceed fifteen pages.

The Court will not consider exhibits attached to the objections. To the extent that Plaintiff wishes to refer to any exhibit, when possible, Plaintiff must reference the exhibit in the record by its CM/ECF document and page number or reference the exhibit with specificity. Any pages filed in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the 28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations. Plaintiff's failure to file objections within the specified time may result in the waiver of certain rights on appeal. See Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **March 6, 2025**                        /s/ Gary S. Austin
                                                            UNITED STATES MAGISTRATE JUDGE