1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| ANTHONY ALBERT BAGGETT, | Case No. 1:24-cv-01013 JLT GSA (PC) |
|---|---|
| Plaintiff, | ORDER ADOPTING IN PART THE FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE |
| v. | |
| CITY OF FRESNO, et al., | |
| Defendants. | (Doc. 9) |

Anthony Albert Baggett asserts the defendants violated his civil rights while he was housed at the Fresno County Jail and seeks to hold them liable pursuant to 42 U.S.C. § 1983. (*See* Doc. 1.) The magistrate judge found Plaintiff failed to obey the Court's orders in this action. (Doc. 9 at 1.) In addition, the magistrate judge noted the Court's mail was returned as undeliverable, and "Plaintiff has not filed a notice of change of address with the Court." (*Id.* at 2, citing Local Rule 183(b).) The magistrate judge considered the factors identified by the Ninth Circuit and found terminating sanctions are appropriate. (*Id.* at 2-4.) Therefore, the magistrate judge recommended "this matter be dismissed without prejudice for failure to obey a court order." (*Id.* at 4, emphasis omitted.) The Court served the Findings and Recommendations upon Plaintiff at the only address on record. However, the U.S. Postal Service returned the document marked "Undeliverable, Not at Facility" on March 19, 2025.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case.

1

1  Having carefully reviewed the matter, the Court declines to dismiss the action for failure to obey
2  the Court's orders.  The U.S. Postal Service returned nearly all orders in this matter, beginning
3  with "New Case Documents" returned on August 26, 2024.  Thus, Plaintiff never received even
4  the "First Information Order," which would have informed Plaintiff of his obligation to keep the
5  Court informed of his proper mailing address.  (*See* Doc. 5 at 5.)

6  On the other hand, the record clearly establishes that Plaintiff failed to prosecute this
7  action and failed to comply with Local Rule 183, which requires a *pro se* party to file a notice of
8  change of address within 63 days of the Court's mail being returned.  Having considered the
9  factors identified by the Ninth Circuit for terminating sanctions, the Court agrees with the
10 ultimate finding of the magistrate judge that dismissal is appropriate for Plaintiff's inaction in this
11 matter.  *See Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal of
12 an action for failure to comply with the court's local rules and failure to prosecute); *see also*
13 *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming the district court's dismissal
14 after mail to the plaintiff was returned as undeliverable and he did not provide a proper address as
15 required by the court's local rules).  Thus, the Court **ORDERS**:

16  1. The Findings and Recommendations (Doc. 9) are **ADOPTED** in part.
17  2. This matter is **DISMISSED** without prejudice, for Plaintiff's failure to prosecute
18     and failure to comply with the Local Rules
19  3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **March 21, 2025**

*[signature]*
UNITED STATES DISTRICT JUDGE

2